UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

| | |
|---|---|
| MELAINE R. WILSON,<br>Plaintiff<br><br>vs.<br><br>DEPARTMENT OF INTERIOR,<br>BUREAU OF INDIAN AFFAIRS-<br>WASHINGTON, D.C., BUREAU<br>OF INDIAN AFFAIRS-PINE<br>RIDGE AGENCY, OGLALA<br>SIOUX TRIBE COUNCIL,<br>Defendants | 5:23-cv-5043<br><br>MEMORANDUM<br>OPINION AND ORDER |

---

Pending before the Court are Plaintiff's Complaint, (Doc. 1), motion for leave to proceed in forma pauperis, (Doc. 2), and motion for appointment of counsel, (Doc. 5). A miscellaneous document may be an attempt to substitute the tribal employment office for the Cannabis Commission, although the latter is not named in the caption. (Doc. 7). Plaintiff filed an intermediate appeal, (Doc. 8), before the Court was assigned the case and had the opportunity to rule on it. Plaintiff has sent a letter to this Court, (Doc. 17), which appears to be a request to the Eighth Circuit to consolidate this case with three of the others Plaintiff has filed, 5:22-cv-5094 (COA 23-3204); 5:22-cv-5097 (COA 23-3206); and 5:23-cv-5027 (COA 23-3205).

1

The Court denied Plaintiff's motion for in forma pauperis status on appeal, (Doc. 14). Plaintiff had not complied with the requirements of Federal Rule of Appellate Procedure 24(a)(1), in that she did not identify any issues she was appealing, or any order or judgment as grounds for appeal because none had been entered.

Plaintiff's current complaint is against the Department of Interior, Bureau of Indian Affairs-Washington, D.C., Bureau of Indian Affairs-Pine Ridge Agency, and Oglala Sioux Tribe Council. The complaint alleges that employees of the tribe "are held in forced poverty by the use of illegal Non-Disclosure Agreements and Non-Disparaging Agreements (NDA's) to keep them from reporting Fraud, Waste and Abuse." (Doc. 1, PgID 3). Plaintiff requests substantial damages for "each Oglala Sioux Tribe member" and for herself personally. (Id.). Plaintiff does not include with her complaint any of the documents she challenges or quotations from them, and therefore, the Court lacks any information about what the alleged non-disparagement and non-disclosure agreements provide. Furthermore, Plaintiff does not allege that she is or has been an employee who would have been bound by any such agreement.

**I. Motion for Leave to Proceed In forma Pauperis**

28 U.S.C. §1915(a)(1) directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. A

person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give security therefore." *Id.* The Eighth Circuit has established parameters for addressing in forma pauperis motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). The court has recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee*, 231 F.3d at 459.

Plaintiff has submitted sufficient documentation to establish that she should be permitted to proceed in forma pauperis. In her declaration, Ms. Wilson indicates she currently has income in the form of military retirement and disability payments, minimal assets, and significant housing expenses. (Doc. 2). The Court finds Ms. Wilson is indigent within the meaning of §1915(a)(1). The Court notes this is consistent with its determination of in forma pauperis status for Plaintiff in 5:22-cv-5091, 5:22-cv-5097, and 5:23-cv-5027. This determination means her claims will be screened under 28 U.S.C. § 1915(e).

## II. Screening pursuant to 28 U.S.C. § 1915

### A. Factual Background

Plaintiff's complaint includes a letter of November 15, 2022, (Doc. 1-1, PgID 9), and a letter to President Biden, (Doc. 1-1, PgID 13), which she has filed with several of her other lawsuits. These documents recount her claims of fraud particularly with respect to the land included within the boundaries of the Pine Ridge Reservation. These claims have previously been addressed by the Court, and their dismissal is the subject of part of Plaintiff's appeals to the Eighth Circuit.

As noted above, Plaintiff's current complaint is against the Department of Interior, the Bureau of Indian Affairs at the national and local level, and Oglala Sioux Tribe Council. (Doc. 1, PgID 1). Plaintiff's allegations concerning non-disclosure and non-disparagement agreements are at Doc. 1-1, PgID 15. This document lists additional defendants who do not appear in the document filed at Doc. 1, including the tribal Workforce Employer Office, accountability officer, treasurer, Economic Development Committee, tribal attorneys, and BIA superintendent and comptroller. (Id.). She lists as victims herself, all enrolled Oglala Sioux Tribe members, and "all enrolled Natives on Federally Recognized Tribes Reservations." (Doc. 1-1, PgID 16). She asserts wrongdoing during 1934-2023 in the form of "collusion of about 30ish enrolled Oglala Sioux Members" who have held "prime positions" and that attorneys were directed to draw up the

4

agreements she challenges. (Id.). She connects the group that is allegedly colluding to alleged illegal land transactions on the reservation. (Id.). She further alleges that repercussions to employees who speak about illegality include suspensions, firing, eviction, and banishment from Pine Ridge. (Id.).

As a remedy Plaintiff seeks dissolution of "NDAs that have illegal holds over Oglala Sioux Tribe Enrolled Members." (Id., PgID 18). She seeks financial compensation to tribal members amounting to $215,100,000 and personal compensation of $300,000, along with a lifetime toll-free number for tribal members to make complaints to the Department of Interior Inspector General's Office. (Id.).

**B. Legal Standard**

A proceeding in forma pauperis is governed by 28 U.S.C. §1915(e) which provides:

> (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that-- . . .
>     (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

This provision allows the court sua sponte to review a complaint filed with an in forma pauperis application to determine if the action warrants dismissal.

In screening plaintiff's pro se complaint, the court must liberally construe it and assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 675. If it does not contain these bare essentials, dismissal is appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed. *Marglon v City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## C. Legal Analysis

  1. *Plaintiff's standing to assert challenge to employee non-disclosure and non-disparagement agreements*

In *Uzuegbunam v. Preczewski*, the Supreme Court commented that, "At all stages of litigation, a plaintiff must maintain a personal interest in the dispute.... To demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct but must also seek a remedy that redresses that injury." ___ U.S. ___, 141 S.Ct. 792, 796, 209 L. Ed. 2d 94 (2021). See also *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022).

The Supreme Court has set forth the requirements for Article III standing in numerous cases. The "irreducible constitutional minimum of standing" is that a plaintiff must have suffered an "injury in fact," meaning invasion of a legally protected interest; "there is a causal connection between the injury and the conduct complained of"; and the injury can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). See also *California v. Texas*, 593 U.S. ___, 141 S.Ct. 2104, 2113 (2021) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)). See generally *Haaland v. Brackeen*, 599 U.S. 255, 292-94 (2023).

Standing requirements seek to ensure that a litigant has a "sufficient stake in an otherwise justiciable controversy" to obtain judicial resolution of the controversy. *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972). Beyond the constitutional limitation on standing, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or

7

interests of third parties." *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 474 (1982) (quoting *Warth v. Seldin,* 422 U.S. 490, 499 (1975)). The purpose of this prudential limitation on standing is to avoid the adjudication of the rights of third parties not before the court with the goal of ensuring "that the most effective advocate of the rights at issue is present to champion them." *Duke Power v. Carolina Environmental Study Group,* 438 U.S. 59, 80 (1977).

The Eighth Circuit has established that a plaintiff must allege "a personal stake in the outcome of the case" that warrants "invocation of federal court jurisdiction" and justifies the court's exercise of remedial powers to vindicate the claim. *Glickert v. Loop Trolley Transp. Development Dist.,* 792 F.3d 876, 881 (8th Cir. 2015) (quoting *Warth,* 422 U.S. at 498). The court summarized the standing requirements in *Huizenga v. Independent School District No. 11,* as follows: the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." 44 F.4th 806, 809 (8th Cir. 2022) (quoting *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016)). See also *Ashley v. U.S. Dept. of Interior,* 408 F.3d 997, 1000 (8th Cir. 2005) (analyzing tribal members' standing to sue Department of Interior and private parties for alleged misuse of tribal trust funds).

Whether a plaintiff has standing is a threshold inquiry, requiring only general allegations of injury, causation, and redressability. *In re SuperValu, Inc.,* 870 F.3d 763, 773 (8th Cir. 2017) (quoting *Lujan*, 504 U.S. at 561). As the *SuperValu* court noted, whether a plaintiff's allegations are sufficient to state a claim under F.R.C.P. 12(b)(6) is a "different and distinct matter" from Article III standing. *Id.* (quoting *Miller v. Redwood Toxicology Lab, Inc.* 688 F.3d 928, 936 (8th Cir. 2012). See also *Arc of Iowa v. Reynolds*, 24 F.4th 1162, 1168-69 (8th Cir. 2022) (reviewing standing requirements).

Plaintiff does not allege she is now or ever has been an employee who would have been affected by the allegedly improper non-disclosure or non-disparagement agreements. As previously noted, no such agreement is before the Court. No suspension, firing, eviction, or banishment from Pine Ridge Reservation is before the Court. Plaintiff has not asserted claims based on her own legally protected interests. If any alleged misconduct has taken place, Plaintiff has not sufficiently alleged her connection to it to satisfy the requirements of Article III standing. Therefore, her claims alleging illegal implementation of non-disclosure and non-disparagement agreements are dismissed.

Plaintiff has not supplied sufficient justification for the appointment of counsel and her motion for appointment of counsel is denied. (Doc. 5).

*2. Plaintiff's standing to assert claims against Department of Interior, Bureau of Indian Affairs, Oglala Sioux Tribe Council and other Defendants on behalf of herself and tribal members*

Plaintiff appears to assert both an individual interest and the interest of Oglala Sioux tribal members with respect to allegedly illegal non-disclosure and non-disparagement agreements. Numerous cases have addressed the question of a tribal member's standing to assert the rights of himself or herself individually, of tribal members as a group, or of the tribe itself. See, e.g., *Ashley,* 408 F.3d at 999, 1003 (holding tribal members lack standing where claim is not redressable because government does not control tribe's spending); *Delorme v. United States.*, 354 F.3d 810, 816 (8th Cir. 2004) (plaintiff failed to establish standing as individual, as representative of the tribe, or as the tribe seeking standing on behalf of its members); *Rosebud Sioux Tribe v. United States*, 450 F.Supp.3d 986, 1003 (D.S.D. 2020) (tribe has standing to pursue health care for its members from Indian Health Services).

Many considerations inform the court's assessment of standing in these circumstances. At the threshold, the Court is cognizant of the restrictions on federal court intervention in the internal affairs of tribes. *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F. 3d 832, 835 (8th Cir. 2006) (noting that jurisdiction to resolve "internal tribal disputes" is in the tribe and not in federal district court); *Wright v. Langdeau*, 158 F.Supp.3d 825, 836

(D.S.D. 2016); *Montgomery v. Flandreau Santee Sioux Tribe*, 2006 WL 482479, *5 (D.S.D. 2006). Tribal law and policy are matters to be determined by the tribe in the first instance. *Sac & Fox Tribe*, 439 F.3d at 835. Therefore, when an individual tribal member seeks federal court intervention in what appears to be a matter of internal tribal policy, the court proceeds with caution. That approach is reinforced by the constitutional requirement that the plaintiff have standing. If a plaintiff lacks standing, the district court does not have subject matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013). See also *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) (reversed on other grounds); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers,* 2005 WL 2429799, *2 (D.S.D. 2005); *Different Horse v. Salazar*, 2011 WL 3422842 (D.S.D. 2011).

Furthermore, as noted above, to meet the constitutional test for standing, plaintiff must assert injury in fact, traceable to the challenged conduct and seeking a remedy that redresses the injury. *Uzuegbunam v. Preczewski*, 141 S.Ct. at 746. Asserting "generalized grievances about the conduct of government" is insufficient. *Valley Forge*, 454 U.S. at 483 (quoting *Flast v. Cohen*, 392 U.S. 83, 106 (1968)). Accord *Cross*, 23 F.4th at 800 (citing *Carney v. Adams*, 592 U.S. ___, 141 S.Ct. 493, 499, 208 L.Ed.2d 305 (2020)).

In this case, Plaintiff does not have an individual legal right or legal interest that can be redressed by the parties she has named as Defendants. As a result, there is no "injury in fact" which satisfies the case or controversy requirement for Article III jurisdiction. Plaintiff's claims appear to fall into the category of "generalized grievances" against federal and tribal officials. Thus, to the extent Plaintiff is alleging the Department of Interior or Bureau of Indian Affairs is engaged in wrongdoing in dealing with the Oglala Sioux Tribe, she does not have standing to pursue her claims and they are dismissed. To the extent she alleges she can bring suit on behalf of other tribal members, the Court finds she does not have the authority to act in a representative capacity and those claims are dismissed.

**Conclusion**

Although Plaintiff has alleged serious wrongdoing with respect to employment issues at Pine Ridge, she has supplied no information to establish her standing to litigate these matters. She appears to make generalized grievances against federal and tribal officials and fails to supply any information to show her injury in fact redressable by those she has sued. She seeks to act on behalf of other tribal members but provides no basis for her to act in a representative capacity. Therefore, all of her claims in this lawsuit are dismissed.

Accordingly, IT IS ORDERED that Plaintiff's claims are dismissed with prejudice to claims she attempts to bring for others, and without prejudice as to any claims she might be able to substantiate in the future for herself.

Dated this 29th day of November, 2023.

BY THE COURT:

_Lawrence L. Piersol_
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_Matthew Thelen_